IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

BRIAN DANLEY, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

  -against-

OFFICE DEPOT, INC. and
OFFICEMAX NORTH AMERICA, INC.,

                Defendants.

**COLLECTIVE ACTION COMPLAINT**

---

## INTRODUCTION

Plaintiff Brian Danley ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendants Office Depot, Inc. and OfficeMax North America, Inc. (collectively "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former Impress Managers ("IMs") who worked at any of Defendants' OfficeMax locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff Brian Danley ("Mr. Danley") alleges on behalf of himself and other current and former IMs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3. Defendants Office Depot, Inc. and OfficeMax of North America both are subject to personal jurisdiction in the Southern District of Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendant Office Depot Inc.'s corporate headquarters is located in Boca Raton, Florida, within this District.

5. Defendants are each covered employers within the meaning of the FLSA, and have had gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

*Plaintiff Brian Danley*

6. Plaintiff Brian Danley was, at all relevant times, an adult individual residing in Kalamazoo, Michigan.

7. During all relevant times, Mr. Danley was employed by one or both Defendants as an IM from on or about October 2011 until on or about July 2014, at the

2

OfficeMax retail store located in Kalamazoo, Michigan. Since July 2014, Mr. Danley has been employed by Defendants in a different capacity.

8. Mr. Danley's written consent to join this action is attached hereto as Exhibit A.

***Defendants***

9. Defendant Office Depot Inc. is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Boca Raton, Florida.

10. Defendant OfficeMax North America, Inc. is a corporation, organized and existing under the laws of Ohio, with its corporate headquarters in Naperville, Illinois.

11. Prior to November 2013, OfficeMax Incorporated was a corporation organized and existing under the laws of Delaware, and had its corporate headquarters in Naperville, Illinois.

12. Prior to November 2013, OfficeMax of North America, Inc. was a wholly owned subsidiary of OfficeMax Incorporated.

13. OfficeMax Incorporated and OfficeMax North America, Inc. did business under the name OfficeMax and operated over 900 OfficeMax retail locations throughout the United States.

14. In or about November 2013, OfficeMax Inc. merged with and became a wholly owned subsidiary of Office Depot Inc.

15. Since on or about November 5, 2013, Office Depot Inc. owns and operates the over 900 OfficeMax retail locations throughout the United States.

16. Defendants employed Plaintiff and employ other similarly situated current and former IMs at its OfficeMax locations.

3

17. At all times relevant, each Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all times relevant, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all times relevant, each Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

20. Each Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

21. At all times relevant, Plaintiff and all similarly situated IMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22. Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

23. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that they suffered or permitted from them.

24. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

25. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

26. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants at their OfficeMax locations as IMs and other similarly situated current and former employees holding comparable positions but different titles, at any time from November 24, 2011 to the entry of judgment in this case (the "Putative FLSA Collective").

27. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative FLSA Collective.

28. There are numerous similarly situated current and former IMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

29. Those similarly situated employees are known to Defendants, are readily identifiable and can be located though Defendants' records.

30. Plaintiff and the members of the Putative FLSA Collective, all of whom regularly worked more than 40 hours in a workweek, were employed as IMs by Defendants at their OfficeMax locations.

31. Defendants failed to pay Plaintiff and the members of the Putative FLSA Collective overtime compensation for the hours they worked over 40 in a workweek.

32. Defendants failed to keep accurate records of all hours worked by Plaintiff and the Member of the Putative FLSA Collective.

33. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the members of the Putative FLSA Collective to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

34. Defendants assigned the work that the Plaintiff and the members of the Putative FLSA Collective have performed or Defendants were aware of the work they performed.

35. The work performed by the Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

36. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the members of the Putative FLSA Collective have worked for the benefit of Defendants;

      b.      willfully failing to keep accurate time records as required by the FLSA;

      c.      willfully failing to credit the Plaintiff and the members of the Putative FLSA Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

      d.      willfully failing to pay the Plaintiff and the members of the Putative FLSA Collective wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

37. Defendants are aware, or should have been aware, that the FLSA requires them to pay the Plaintiff and the members of the Putative FLSA Collective an overtime premium for hours worked in excess of 40 hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

38. Consistent with Defendants' policy, pattern or practice, Plaintiff and the members of the Putative FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime wages.

39. All members of the FLSA Collective performed the same primary job duties.

40. The primary duties that Plaintiff and the other IMs regularly performed include, but are not limited to:

      a.      customer service;

      b.      working the cash register;

      c.      selling merchandise;

      d.      printing, collating, and faxing documents;

7

   e.  packing and shipping packages;

   f.  receiving and placing customer orders;

   d.  unloading trucks; and

   e.  cleaning the store.

 41. Plaintiff's and the other IMs ' primary job duties did not include:

   a.  hiring

   b.  firing;

   c.  setting rates of pay;

   d.  scheduling; or

   e.  disciplining other employees.

 42. Plaintiff's and the other IMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees, including Impress Supervisors and Impress Associates.

 43. Plaintiff and the other IMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

 44. Plaintiff's and the other IMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other IMs' working hours.

 45. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all IMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

 46. Defendants did not perform a person-by-person analysis of every IMs' job duties when making the decision to classify all of them (and other employees holding

comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

47. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

48. Defendants' failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of 40 hours per workweek was willful.

49. Defendants' unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and the Members of the Putative FLSA Collective Against Defendants

50. Plaintiff and the members of the Putative FLSA Collective, reallege and incorporate by reference paragraphs 1-49 as if they were set forth again herein.

51. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

52. Plaintiff and the members of the Putative FLSA Collective have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

53. At all relevant times, Plaintiff and the members of the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

55. Each Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

57. Defendants have failed to pay Plaintiff and other similarly situated members of the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

58. Defendants' violations of the FLSA, as described in the Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and other similarly situated members of the Putative FLSA Collective.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. As a result of the Defendants' violations of the FLSA, Plaintiff and all other similarly situated members of the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

61. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated members of the Putative FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief:

A. Certification of the collective consisting of Plaintiff and all similarly situated IMs;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. Pre-judgment interest;

D. Attorneys' fees and costs of the action, including expert fees; and

E. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 24, 2014
Boca Raton, FL

Respectfully submitted,

_/s/ Gregg I. Shavitz_
Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Susan H. Stern
E-mail: sstern@shavitzlaw.com
Paolo C. Meireles
E-mail: pmeireles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Seth R. Lesser *(pro hac vice forthcoming)*
E-mail: seth@klafterolsen.com
Fran L. Rudich *(pro hac vice forthcoming)*
E-mail: fran@klafterolsen.com
Jason Conway *(pro hac vice forthcoming)*
E-mail: jason.conway@klafterolsen.com
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

***Attorneys for Plaintiff and the
Putative FLSA Collective***

## CONSENT TO JOIN FORM

1. I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), OFFICEMAX, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. and Klafter, Olsen & Lesser, LLP to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_____
Print Name